IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 99-0766 |
| | § | |
| WESTMONT HOSPITALITY GROUP, INC. | § | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant Westmont Hospitality Group, Inc. and files this Motion for Summary Judgment, and would respectfully show the following:

### I.
### STATEMENT OF FACTS

1. Westmont Hospitality Group, Inc. ("Westmont") is a corporation that is headquartered in Houston, Texas. *See* Affidavit of Jerry Mathers, attached hereto as Exhibit "A." Westmont owns and operates various hotels throughout the United States, but does not own and operate, and has never owned and operated, the Radisson Hotel in Agoura Hills, California. *Id.*

2. Westmont also provides consulting and technical support services to other hotel owners throughout the United States, and Westmont has provided, and still does provide, such services to the owner and operator of the Radisson Hotel in Agoura Hills, California. *Id.* These services include allowing the hotel to utilize a proprietary accounting, payroll, and P&L system; providing budgetary, accounting and asset management guidance and advice; and providing technical and strategic guidance and advice. *Id.* However, Westmont does not provide, and has never provided, any operational services with respect to hotel, and certainly not with respect to the so-called "Players Lounge" restaurant/bar allegedly located in the Radisson Hotel in Agoura Hills, California. *Id.*

#13

3. In 1997, Westmont and various other entities were named as defendants in a lawsuit filed by Plaintiff Joe Hand Promotions, Inc. in the United States District Court for the Central District of California (the "California lawsuit"). *Id.* The California lawsuit concerned the same alleged interception and showing of Plaintiff's program that is at issue in this case.

4. Westmont provided a copy of the California lawsuit to its insurer, and was subsequently informed by its insurer that the California lawsuit had been resolved. *Id.* More particularly, Westmont's insurer indicated that it had agreed to pay, and did pay, $7,500 in exchange for Plaintiff's agreement to dismiss the lawsuit. *Id. See also* affidavit of John Devine, attached hereto as Exhibit "B."

5. At no time has Westmont, or any of Westmont's authorized agents or representatives, ever agreed that Westmont itself would ever pay any sum of money in settlement of the California lawsuit, or any other lawsuit brought by Plaintiff.

## II.
## ARGUMENT AND AUTHORITIES

6. Plaintiff's claims in this lawsuit are predicated upon the allegation that its "program" was unlawfully intercepted and displayed to patrons of the so-called Players Lounge restaurant/bar located in the Radisson Hotel in Agoura Hills, California. If true, Plaintiff's allegations may establish that the owners/operators of the Players Lounge are liable under one or more provisions of the Cable Communications Policy Act. *See* 47 U.S.C. Sections 553(a)(1) & 605(a).

7. However, since Westmont neither owned nor operated the Players Lounge, it could not and did not, in any sense, intercept or display Plaintiff's "program." Nor does, or can, Plaintiff allege that Westmont somehow assisted the owner/operator of the Players Lounge in allegedly intercepting or displaying Plaintiff's program. Thus, Westmont cannot, as a matter of

2

law, be liable for the alleged violation of the Cable Communications Policy Act at issue in this lawsuit.

Wherefore, premises considered, Westmont Hospitality Group, Inc, respectfully prays that the Court grant this motion, and enter an order dismissing, with prejudice, each and all of Plaintiff's claims against Westmont, and granting Westmont any further relief to which it is justly entitled.

Respectfully submitted,

Matthew L. Hoeg
State Bar No. 09772880
MAYOR, DAY, CALDWELL & KEETON, L.L.P.
700 Louisiana, Suite 1900
Houston TX 77002
(713) 225-7096
(713) 225-7047 [Fax]

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Motion for Summary Judgement was forward via United States certified mail, return receipt requested, postage prepaid, on this 22ND day of October, 1999, as follows:

>Andrew M. Caplan
>1400 Summit Tower
>Eleven Greenway Plaza
>Houston, Texas 77046-1104

_____
Matthew L. Hoeg

::ODMA\PCDOCS\HOUSTON\679030\1

4

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 99-0766 |
| | § | |
| WESTMONT HOSPITALITY GROUP, INC. | § | |

### AFFIDAVIT OF JERRY MATHERS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, did personally appear Jerry Mathers, and deposed and stated as follows:

"My name is Jerry Mathers. I am over twenty-one (21) years of age, and am fully competent to make this affidavit. I have personal knowledge concerning and hereby attest to the truth of the following:

1. I am the Director of Operations for Westmont Hospitality Group, Inc.

2. Westmont Hospitality Group, Inc. ("Westmont") is a corporation that is headquartered in Houston, Texas. Westmont owns and operates various hotels throughout the United States, but does not own and operate, and has never owned and operated, the Radisson Hotel in Agoura Hills, California.

3. Westmont also provides consulting and technical support services to other hotel owners throughout the United States, and Westmont has provided, and still does provide, such services to the owner and operator of the Radisson Hotel in Agoura Hills, California. These services include allowing the hotel to utilize a proprietary accounting, payroll, and P&L system; providing budgetary, accounting and asset management guidance and advice; and providing technical and strategic guidance and advice. However, Westmont does not provide, and has never provided, any operational services with respect to hotel, and certainly not with respect to the so-called "Players Lounge" restaurant/bar allegedly located in the Radisson Hotel in Agoura Hills, California.

4. In 1997, Westmont and various other entities were named as defendants in a lawsuit filed by Plaintiff Joe Hand Promotions, Inc. in the United States District Court for the Central District of California (the "California lawsuit"). The California lawsuit concerned the same alleged interception and showing of Plaintiff's program that is at issue in this case.

5. Westmont provided a copy of the California lawsuit to its insurer, and was subsequently informed by its insurer that the California lawsuit had been resolved. More particularly, Westmont's insurer indicated that it had agreed to pay, and did pay, $7,500 in exchange for Plaintiff's agreement to dismiss the lawsuit.

6. At no time has Westmont, or any of Westmont's authorized agents or representatives, ever agreed that Westmont itself would ever pay any sum of money in settlement of the California lawsuit, or any other lawsuit brought by Plaintiff."

FURTHER, affiant sayeth not.

_____
Jerry Mathers

SWORN TO AND SUBSCRIBED BEFORE ME on this **21** day of October, 1999, to certify which witness my hand and official seal.

BEVERLY WENZEL
MY COMMISSION EXPIRES
March 10, 2001

_____
Notary Public in and for the
State of Texas

::ODMA\PCDOCS\HOUSTON\679259\1

2

# EXHIBIT B

# AFFIDAVIT

STATE OF CALIFORNIA §
§
COUNTY OF ORANGE §

Before me, the undersigned authority, on this day personally appeared the undersigned affiant, who, being by me duly sworn, on oath stated:

1. My name is John Devine. I am at least eighteen years of age, of sound mind, capable of making this affidavit, and fully competent to testify to the matters stated herein, and I have personal knowledge of each of those matters stated below.

2. I am presently employed by Travelers Property Casualty Insurance Company ("Travelers"), the insurance carrier for Westmont Hospitality (the Defendant), in the capacity of Senior Technical Specialist, and I have been so employed since 1988. As part of my duties in that employment, I am responsible for negotiating settlements with claimants and plaintiffs in an effort to resolve claims. On or about March 18, 1998, in the usual course and scope of my employment, I entered into good faith settlement negotiations with the Plaintiff's attorney of record, Leonard Steiner of Steiner & Libo, 433 N. Camden Drive, Suite 730, Beverly Hills, California, in connection with the lawsuit which was filed in the US District Court in the Central District of California; Case No. 97-6174 RMT; styled *Joe Hand Promotions, Inc. vs. Richfield Hotel Management d/b/a Radisson Hotel d/b/a Players Lounge; Westmont Hospitality, Inc. et al.* In that connection, I spoke with Attorney Steiner regarding his client's claim, and he made a demand of $10,000 to settle. In response to his demand, I indicated that we were still reviewing coverage issues, but that Travelers would be willing to resolve the claim for $5,000. Steiner then counter-offered in the amount of $8,500 "firm." The issues were discussed further, and a settlement was agreed to for $7,500. I was later advised by Steiner & Libo to send payment within 10 days in the amount of $7,500 to Solomon & Mittleberg, P.A., located at 2417 N. University Drive, Coral Springs, Florida, 33065, in order to settle claims. Based on my prior discussions with Attorney Steiner, it was my understanding that Solomon & Mittleberg was the Florida law firm which Steiner "reported to," and that I should forward the settlement funds directly to them. I was under the impression that Steiner was going to prepare a release and have it executed as consideration for the $7,500 tender, and that he would cause the suit relating to this matter to be dismissed with prejudice. If I knew that a release would not be prepared and signed, I would not have tendered any of the settlement monies.

3. Attached to this motion as Exhibit "A" is a copy of the check which was issued to Soloman & Mittelberg, P.A., which copy is a true and correct duplicate of the original. The check was issued on April 9, 1998, and was paid on April 17, 1998.

_____
John Devine, Affiant

Affiant on oath swears that the statements are true and correct based on his or her personal knowledge and affiant has:
SWORN TO AND SUBSCRIBED BEFORE ME, and acknowledged before me on this 24th day of August 1999.

By: _____
NOTARY PUBLIC

My commission expires: June 22, 2001



KAREN L. WEAVER
COMM # 1143141
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Commission Expires June 22, 2001

Paid Date = 04/17/1998
CPCS Number = 5802865
Account Number = 348740
Check Number = 5783517

---

**FLEET BANK, N.A.**
HARTFORD, CONNECTICUT

JHP vs Agoura Rodsa

**Travelers Property Casualty**
P O BOX 6200
BREA CA 92822-6200
(714) 671-8054

592A   05783517
51-57/119

THIS CHECK HAS A RED BACKGROUND

DATE: 04/09/98
ACCOUNT NUMBER: J99
FILE NUMBER: 152 LR BTM5742 R
040247205 00 5400

VOID IF NOT PRESENTED WITHIN ONE YEAR AFTER DATE OF ISSUE

SEVEN THOUSAND FIVE HUNDRED AND 00/100 ----------

PAY: $****7,500.00   JWD

PAY TO THE ORDER OF:
SALOMON & MITTELBERG, P.A.
2417 N UNIVERSITY DRIVE
CORAL SPRINGS FL 33065

000787
UC00787

ENDORSEMENT OF THIS CHECK ACKNOWLEDGES THAT THIS PAYMENT IS OFFERED AND RECEIVED IN SATISFACTION OF THE CLAIM OR SPECIFIED PORTION THEREOF AS DESCRIBED ABOVE

W H White
AUTHORIZED SIGNATURE

⑃05783517⑃ ⑆011900571⑆ 034874 0⑃ ⑃0000750000⑃

---

FLEET
0111-0048-1    04/17/98
040247205 WINDSOR
040247205-04-17-98

PAY TO THE ORDER OF
CAPITAL BANK
CORAL SPRINGS, FL 33065
▼ 067008414 ▼
FOR DEPOSIT ONLY
SALOMON & MITTELBERG, P.A.
ANTI-PIRACY TRUST ACCOUNT
3250016675

# EXHIBIT A